# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Julian LaTorre, | ) | CASE NO. 4:15 CV 591 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | Memorandum of Opinion and Order |
| FCI Elkton Warden | ) | |
| | ) | |
| Respondent. | ) | |

## INTRODUCTION

*Pro se* Petitioner Julian LaTorre filed the above-captioned Petition for a Writ of Habeas

Corpus under 28 U.S.C. § 2241.  Petitioner was court martialed from the United States Air

Force in 2001.  He is incarcerated in the Elkton Federal Correctional Institution, serving a 40-

year sentence, in accordance with his guilty plea, for the crimes of rape of a child under 12 on

diverse occasions; wrongful appropriation of a digital camera; forcible sodomy of a child under

12 on diverse occasions; traveling in interstate commerce for the purpose of engaging in a sexual

act with a person under 18; transporting child pornography in interstate commerce by means of a

computer on diverse occasions; using an interactive computer service to send obscene pictures

in interstate commerce on diverse occasions; indecent acts with a child under 16 on diverse

occasions; and creating and possessing child pornography, in violation of Articles 120, 121, 125, and 134, UCMJ, 10 U.S.C. §§ 920, 921, 925, 934.  Petitioner was dishonorably discharged, and was required to forfeit all pay and allowances.  In his Petition, he asserts that his trial counsel was ineffective during sentencing because he produced only written statements from mitigation witnesses but would not call them to testify.  He claims this led to an unfairly long sentence.  For the reasons set forth below, the Petition is denied and this action is dismissed.

**BACKGROUND**

At the time of his court martial, Petitioner was a supply clerk in the United States Air Force.  He was assigned to McGuire Air Force Base, New Jersey, where he lived in on-base housing with his family.  *U.S. v. Latorre*, No. ACM 34670, 2002 WL 845184, at *1-4  (A.F. Ct. Crim. App. 3 April, 2002).

Petitioner admitted he became addicted to cyber-sex and amassed an extensive collection of child pornography via the internet.  *Id.*  He downloaded over 5,000 pornographic pictures, which he saved on his computer drive and on compact disks.  *Id.*  Approximately half of these images depicted sexual acts involving children.  *Id.*  He also visited America Online chat rooms, where he initiated an e-mail relationship with someone he believed to be a 14 year–old girl from New York.  *Id.*  In fact, the "girl" was a New York county sheriff investigating online child pornography.  *Id.*  After several weeks of e-mail discussions, the Petitioner and the "girl" developed a plan to meet and have sexual relations.  *Id.*  On the first weekend in December 2000, Petitioner traveled to Rockland County, New York, in order to meet her at a shopping mall.  *Id.*  Instead, he was arrested.

-2-

In a post-arrest interview, Petitioner admitted that he sent and received child pornography over his home computer.  *Id.*  During a search of his car, a digital camera that belonged to the supply squadron was found.  *Id.*  A search of the Petitioner's house and computer revealed his extensive collection of child pornography, saved as digital photographs in computer files.  *Id.*  These files included several explicit photographs of a 6 year-old girl.  *Id.*  Further investigation revealed the girl was his neighbor's daughter.  *Id.*  Petitioner was also her soccer coach and she was a frequent visitor to his house as a playmate with his sons.  *Id.*

Petitioner admitted he had sexual intercourse with her and committed sodomy on her.  *Id.*  He also performed other indecent acts upon her, such as dressing her in provocative clothing before engaging in sex.  *Id.*  He took digital photographs of these activities and even made a 15–minute video while he was having sexual relations with her.  *Id.*  The photographs and videotape were recovered during the search of his residence and admitted into evidence.  *Id.*  The 6 year–old child and her mother testified during sentencing.  *Id.*

Petitioner pled guilty to wrongful appropriation, diverse rapes, forcible sodomies and other indecent acts with a child under the age of 12, traveling in interstate commerce for the purpose of engaging in a sexual act with a minor, transporting child pornography in interstate commerce by computer, sending lewd and lascivious pictures in interstate commerce by email, and creating and possessing images depicting child pornography, in violation of Articles 121, 120, 125, and 134, 10 U.S.C. §§ 921, 920, 925, 934.  He was convicted at a general court-martial, in accordance with his pleas.  His approved sentence consists of a dishonorable discharge, confinement for 40 years, forfeiture of all pay and allowances, and reduction to

airman basic.

On initial appeal to the United States Air Force Criminal Court of Appeals, Petitioner raised three issues.  First, he asserted that his guilty plea to wrongful appropriation of the squadron's digital camera was not provident.  *Id.*  He claimed his possession of the camera constituted only an inadvertent withholding of property, which fell short of criminal conduct.  *Id.*  Second, he asserted that his sentence was inappropriately severe.  *Id.*  Third, he asserted that there was an error in his court martial order.  He claimed the court martial order did not accurately reflect his plea because he pled guilty to one of the specifications, except for the words "by photographing her nude," but the order reflected that he was found guilty of the specification without exception.  *Id.*

The appellate court upheld his court martial and conviction.  Specifically, the court indicated it was not persuaded that there was anything inadvertent about his retention of the camera for that particular weekend in question.  With regard to the severity of his sentence, the court stated:

> We have carefully read the entire record of trial, including all the matters submitted to the convening authority by the appellant. The appellant's mitigation and clemency evidence do not outweigh the hideous nature of his misconduct, which occurred over a period of years. We find nothing in the record to persuade us that confinement for 40 years is not a fitting punishment for the appellant's crimes.

*Id.* at *3.  Finally, the court determined that the wording "by photographing her nude" had been deleted from the specification as Petitioner requested.

On May 3, 2002, Petitioner filed a motion for reconsideration, citing three issues: (1)

-4-

whether his guilty plea to transporting child pornography must be set aside in view of the

Supreme Court's decision in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002); (2)

whether he received ineffective assistance of counsel when his appellate counsel did not afford

him the opportunity to submit allegations of error pursuant to *United States v. Grostefon*, 12 MJ

431 (C.M.A. 1982); and (3) whether the trial judge erred in determining the maximum allowable

punishment for his offenses included life without parole. *U.S. v. Latorre*, No. ACM 34670,

2003 WL 22495814, at *1-5  (A.F. Ct. Crim. App. Oct. 1, 2003).  In conjunction with this

motion, he submitted a narrative description of seven issues he would have submitted if he had

been given the opportunity to do so by his appellate counsel.  *Id.*  On June 20, 2002, Air Force

Criminal Court of Appeals granted the request for reconsideration as to the first issue, but

denied Petitioner's request as to the other two issues since they did not meet any of the

prerequisite conditions established in the court's rules governing reconsideration.  *Id.*

Subsequently, the court issued a *per curiam* opinion upon reconsideration of the Free Speech

Coalition issue, once again affirming the conviction and sentence.  *Id.*

Petitioner appealed that decision to the United States Court of Appeals for the Armed

Forces (CAAF) on January 3, 2003, asserting eleven assignments of error, including the

*Grostefon* issue.  *U.S. v. Latorre*, ACM 34670, 2004 WL 3048721, 9 (A.F. Ct. Crim. App. 21

Dec. 2004). The CAAF granted his petition for review and on July 10, 2003, remanded the case

to the appellate court for consideration of Petitioner's claim that his prior appellate counsel had

been ineffective.  *Id.*  The appellate court obtained affidavits as directed by the CAAF, and

-5-

determined that further inquiry would be necessary.  The court called for a *DuBay* hearing[1] to examine whether the Petitioner's prior appellate defense counsel was ineffective by failing to afford him the opportunity to submit issues for consideration on appeal under *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982).  At the conclusion of the hearing, the appellate court found Petitioner's appellate counsel had been ineffective, and granted him a chance anew to raise issues on appeal of his case.  *Id.*

Petitioner responded by filing eleven assignments of error: (1) he was materially prejudiced by the military judge's incorrect determination of the maximum punishment; (2) his plea of guilty to sending obscene pictures by e-mail is improvident; (3) his plea to rape was improvident; (4) his plea to traveling in interstate commerce to engage in sexual conduct with a minor is improvident; (5) there was an unreasonable multiplication of charges; (6) he was subjected to illegal pretrial punishment; (7) he received ineffective assistance of trial counsel; (8) his plea to transporting child pornography in interstate commerce was improvident; (9) he was entitled to confinement credit; (10) his plea to wrongful appropriation was improvident; and (11) his sentence is inappropriately severe.  *Id.* at *1.  Assignments of error (3) through (11) were submitted pursuant to *Grostefon*, 12 M.J. 431 (C.M.A.1982).  Finding error as to assignments (2) and (8), the court ordered the specification related to those issues to be dismissed.

With regard to Petitioner's claim of ineffective assistance of trial counsel, the court indicated:

---

[1]    *United States v. DuBay*, 37 C.M.R. 411, 1967 WL 4276 (C.M.A. 1967).

> [W]e have applied the criteria in *United States v. Ginn*, 47 M.J.
> 236, 248 (C.A.A.F. 1997) and conclude that we can resolve this
> issue without additional fact finding.  Examining the appellate
> filings and the record as a whole we hold that the appellant was
> not denied effective assistance of counsel. *See Strickland v.
> Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674
> (1984).

*U.S. v. Latorre*, ACM 34670, 2005 WL 2874949, at *6 (A.F. Ct. Crim. App. 18 Oct, 2005).

Having dismissed the specification, the court considered Petitioner's sentence:

> We conclude that the gravaman of the case, far and away, was the
> multiple rapes, forcible sodomies, and indecent acts with a child.
> Although transporting child pornography is a serious matter, we
> conclude that it is less so than these other offenses, because the
> harm it inflicts is more remote. We conclude as well that, although
> we have dismissed the specification regarding transporting
> obscenity in interstate commerce, the facts underlying that
> specification are part of the facts and circumstances surrounding
> the appellant's interstate travel for the purpose of having sexual
> relations with a minor. Accordingly, we reassess the sentence as
> follows: a dishonorable discharge, confinement for 39 years and 6
> months, forfeiture of all pay and allowances, and reduction to E–1.

*Id.* at *7.

The United States Court of Appeals for the Armed Forces (CAAF) granted a petition for review of that decision and reversed the decision of the Air Force Court of Criminal Appeals with respect to the second assignment of error.  The CAAF dismissed the charge that supported the specification as well as the specification, but upheld the remaining portions of the decision and the new sentence imposed.  *See  U.S. v. Latorre*, 64 M.J. 80 (2006).

## HABEAS PETITION

Petitioner has now filed the within Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241.  He asserts one ground for relief:

-7-

> 1. Defendant did not have effective assistance of counsel at his court martial sentencing, when counsel failed to present witnesses in mitigation.  Further, counsel only presented documentary (letters) evidence in mitigation to the convening authority AFTER sentencing, NOT to the sentencing Court.  This led to a miscarriage of justice when LaTorre was meted out a 40 year sentence.

(Pet. ECF No. 1 at 10).  In support of this ground, he asserts he presented a list of nineteen witnesses who were prepared to testify on his behalf in mitigation, including his parents, siblings, aunts, uncles, cousins, chaplains, pastor, high school teachers, former commanders and a forensic psychologist.  Petitioner contends his attorney did not call these individuals as witnesses because he did not want them to view the evidence, which included photographs and video of Petitioner's sexual activities with the 6 year-old girl.  He indicates the witnesses prepared letters of support but his counsel did not present them to the sentencing judge.  Instead, he presented them to the convening general, who Petitioner contends replied apathetically.  There was also a report of a psychologist that his counsel did not want to present.  Petitioner asserts he received a long sentence because the sentencing court did not have any documentation to support his cause.

### **STANDARD OF REVIEW**

A prisoner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States" may be granted habeas relief under § 2241.  28 U.S.C. § 2241(c).  This relief extends to military prisoners, convicted by a court martial, who may have their petitions reviewed by the federal civil courts.  *Burns v. Wilson*,. 346 U.S. 137, 139 (1953).  The federal district courts, however, have significantly limited authority to review court martial

-8-

proceedings for error.  *See Lips v. Commandant, United States Disciplinary Barracks*, 997 F.2d 808, 810 (10th Cir. 1993); *see also Burns*, 346 U.S. at 139 (noting that "in military habeas corpus the inquiry, the scope of matters open for review, has always been more narrow than in civil cases").  The Court's review is initially limited to determining whether the military courts gave the issues raised by the Petitioner full and fair consideration.  *Id.* at 810-11.  If the military courts fully and fairly considered the issues asserted in the federal habeas petition, "it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence."  *Burns*, 346 U.S. at 142.  As explained by the Supreme Court:

> [I]t is not the duty of the civil courts simply to ... re-examine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of the allegations in the applications for habeas corpus. It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims.

*Id.* at 144.  Therefore, in cases where the issues have been fully and fairly considered by the military courts, the District Court does not consider the merits and should deny the petition. *Lips*, 997 F.2d at 811.  "Only when the military has not given a Petitioner's claims full and fair consideration does the scope of review by the federal civil court expand."  *Id.*; *see Burns*, 346 U.S. at 142 (holding that district courts are empowered to conduct de novo review only if military courts "manifestly refused" to consider the Petitioner's claims).

While "full and fair consideration" is the universal standard for military habeas petitions, the Federal Circuits have not developed a uniform analysis to determine what constitutes "full and fair consideration" by the military courts.  *Armann v. McKean*, 549 F.3d 279, 289 n. 10 (3rd Cir.2008) (collecting cases from the different circuits which illustrate the different analytical

approaches).  The Sixth Circuit has only one published opinion on this topic, and it does not

provide much guidance in interpreting the "full and fair consideration" standard.  *See Witham v.*

*U.S.*, 355 F.3d 501, 505 (6th Cir. 2004).  Citing *Burns* and *Lips*, *supra*, the Sixth Circuit stated:

"Where there is no colorable jurisdictional question, a finding of full and fair consideration ends

our habeas corpus inquiry."  *Id.*

In *Lips*, the Tenth Circuit applied a four-part test to help determine whether the federal

court may consider the merits of a military habeas case.  *See Lips*, 997 F.2d at 811.  *See also*

*Dodson v. Zelez*, 917 F.2d 125, 1252–53 (10th Cir. 1990) (adopting the four-part test from the

Fifth Circuit's opinion in *Calley v. Callaway*, 519 F.2d 184 (5th Cir. 1975), cert. denied, 425

U.S. 911 (1976)); *see also Roberts v. Callahan*, 321 F.3d 994, 997 (10th Cir. 2003) (clarifying

that the four-part test is meant to aid courts in applying *Burns* rather than serve as a separate

hurdle to be met before review of a military court decision).  In the Tenth Circuit, before

reaching the merits of any claim, the federal habeas court must consider four factors:

> (1) the asserted error is of substantial constitutional dimension;
> (2) the issue is one of law rather than of disputed fact already
> determined by the military tribunal;
> (3) there are no military considerations that warrant different
> treatment of constitutional claims; and
> (4) the military courts failed to give adequate consideration to the
> issues involved or failed to apply proper legal standards.

*Lips*, 997 F.2d at 811.  While each consideration is relevant, the fourth is the most important.

*Thomas v. United States Disciplinary Barracks*, 625 F.3d 667, 671 (10th Cir. 2010).  This

analysis "place[s] a large amount of discretion in the hands of the federal courts."  *Dodson*, 917

F.2d at 1253.  Full and fair consideration does not require the military courts to author a

-10-

thorough opinion analyzing the merits of each claim.  *Thomas*, 625 F.3d at 671.  Rather, when

an issue is briefed and argued before the military courts it has received full and fair

consideration, even if the court's opinion summarily disposes of the issue without explanation.

*Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986).  Depending on the facts of the case,

even less may be required.

The Fourth Circuit, has acknowledged the "full and fair consideration" test but has not

analyzed it in detail.  *See United States v. Willenbring*, 178 F. App'x 223, 224 (4th Cir. 2006)

(unpublished).  District courts within the Fourth Circuit, however, have adopted the Tenth

Circuit's approach to analyzing "full and fair consideration."  *Miller v. Air Force Clemency and

Parole Bd.*, No. JFM–10–2621, 2011 WL 4402497, at *9 (D. Md. 2011); *Hill v. United States

Prob. Office*, No. 5:01–HC–807–BR, 2003 WL 24085263, at *2 (E.D.N.C. 2003); *Romey v.

Vanyur*, 9 F.Supp.2d. 565, 568–69 (E.D.N.C. 1998).  As these courts have noted, because the

United States Disciplinary Barracks are located at Fort Leavenworth, Kansas, the Tenth Circuit

has the most developed and "advanced analysis in this specialized area of the law."  *Romey*, 9

F.Supp.2d at 569.

Finally, a Petitioner cannot argue that his claims were not given full and fair

consideration by the military courts, if he never presents the claims to the military courts.  If

Petitioner neither makes a timely objection to an issue nor raises the issue on appeal, then he has

waived that claim.  *Lips*, 997 F.2d at 812.  To overcome his waiver and obtain habeas review,

Petitioner must demonstrate cause excusing the procedural default and prejudice resulting from

the error.  *Id*. (citing *Wolff v. United States*, 737 F.2d 877 (10th Cir. 1984)).

**DISCUSSION**

Petitioner contends he received ineffective assistance of counsel during mitigation which led the sentencing judge to impose a long sentence.  He asserted a claim of ineffective assistance of trial counsel when the military courts permitted him to reopen his appeal and assert new claims.  The appellate court considered his claim and indicated:

> [W]e have applied the criteria in *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997) and conclude that we can resolve this issue without additional fact finding.  Examining the appellate filings and the record as a whole we hold that the appellant was not denied effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*U.S. v. Latorre*, ACM 34670, 2005 WL 2874949, at *6 (A.F. Ct. Crim. App. 18 Oct, 2005).  The Air Force Court of Appeals examined the record as a whole and ruled on the merits of the claim. It received full and fair consideration.  Because there is no colorable jurisdictional claim, this Court cannot proceed to conduct an independent evaluation of the claim.

Similarly, Petitioner contends the lack of mitigation led to his receipt of a lengthy sentence.  The military courts addressed this issue and stated:

> We have carefully read the entire record of trial, including all the matters submitted to the convening authority by the appellant. The appellant's mitigation and clemency evidence do not outweigh the hideous nature of his misconduct, which occurred over a period of years. We find nothing in the record to persuade us that confinement for 40 years is not a fitting punishment for the appellant's crimes.

*U.S. v. Latorre*, No. ACM 34670, 2002 WL 845184, at *3  (A.F. Ct. Crim. App. 3 April, 2002).

While Petitioner argues that the mitigation evidence presented to the sentencing court may have

-12-

resulted in a different sentence, the Air Force Court of Appeals was not persuaded by this argument. Again, this is not a jurisdictional issue, and the military courts gave it full and fair consideration. This Court cannot conduct an independent review of the merits of this claim.

**CONCLUSION**

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


 /s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
Date:   8/11/15          United States District Judge

-13-